WENCESLAO SOTO JAVIER, Petitioner and Appellee, *v.* MUNIC-
IPAL COURT OF AGUADILLA, VÍCTOR IGARTÚA, JUDGE, Re-
spondent and Appellant.

No. 7816. Argued June 9, 1939.—Decided November 30, 1939.

*Víctor Igartúa, pro se* and *J. Luis Cancio, District Attorney,* for ap-
pellant. *José Veray, Jr.,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This proceeding started with an attempted complaint filed
in the Municipal Court of Aguadilla on January 4, 1938,
accusing the plaintiff-appellee, Wenceslao Soto Javier, of
the crime known as "Bolita". He demurred to the com-
plaint on March 21, 1938. On the same day and for reasons
unnecessary to discuss, the court allowed the demurrer, and
discharged the defendant peremptorily with an order to the
complainant policeman to file a new complaint before the
same court within fifteen days as provided for in Section 157
of the Code of Criminal Procedure.

On April 8, 1938, the discharged defendant filed a motion
before the said municipal court, requesting that the discharge
be made definite under Section 148 of the Code of Criminal
Procedure upon the grounds that the new complaint had
not been filed and that the time for doing so had expired on
April 5, 1938, and had not been extended. On the same day
the said defendant requested that a date be set for hearing
the motion. The motion was set for and discussed on the
18th of April. The court dismissed the motion and refused
to discharge the defendant definitely. The court's resolution

was based upon the fact that the new complaint had been sworn to and filed before the Justice of the Peace of Aguada within the prescribed fifteen days. The new complaint was sworn to on March 30, 1938, and filed on the same day with the Justice of the Peace of Aguada, and thence filed in the Municipal Court of Aguadilla on April 22, 1938. The appellee, on May 24, asked the District Court of Aguadilla for a writ of mandamus ordering the municipal court definitely to discharge the defendant and to set aside the complaint.

The court issued the writ and on July 13, 1938, ordered that the complaint be set aside and the defendant discharged.

The respondent judge appealed. The appellant assigns three errors:

"1.—That the District Court of Aguadilla erred when it decided that the new complaint filed gave to jurisdiction to the Municipal Court of Aguadilla to try the case if it was not presented at the secretary's office of the Municipal Court of Aguadilla located in that town.

"2.—That the District Court of Aguadilla erred when it decided that the new complaint sworn to and filed before the Justice of the Peace of Aguada on March 30, 1938, which was in the possession of the Municipal Judge of Aguadilla when the motion to set aside the information was presented, on April 8, 1938, had not been presented within the fifteen-day term granted, on the grounds that it had not been entered in the Register Book of Criminal Cases kept by the Secretary of the Municipal Court of Aguadilla, until April 22, 1938.

"3.—The District Court of Aguadilla erred in not deciding that when the Municipal Judge of Aguadilla in his discretion considered the complaint filed in the Register of Complaints kept by the Justice of the Peace of Aguada as presented before his court within the fifteen-day term granted, such a conduct was paramount to an implicit order of a court extending the term granted for its filing in the Register Book of Criminal Cases kept by the Secretary of the Municipal Court of Aguadilla, if this last act would affect the jurisdiction of the court to try the case."

The three errors are discussed together. The arguments of the appellant are as follows:

The Municipal Court of Aguadilla has its main offices in the town of the same name. It also holds sessions in Isabela, Moca and Aguada, to hear the cases arising in those municipalities. The session is held in the justice of the peace court. The practice is, in those towns, to swear the complaints before the justice of the peace and file them in a register the latter keeps therefor. Sometime later the justice of the peace sends them to the secretary of the municipal court who files them in the Register of Criminal Cases which he keeps in the head town. Only the complaints that arise in the capital of the district are filed directly with 'the secretary of the municipal court. He maintains that the court had jurisdiction after the complaint had been filed and the fact that it had not been registered by the secretary of the municipal court within 15 days did not deprive that court of jurisdiction. He also maintains that the court had taken judicial notice of the presentation and filing of the new complaint within the 15 days in the justice of the peace court.

He maintains that even if the new complaint had to be filed in Aguadilla within 15 days of the order, the conduct of the court in admitting the complaint was equal to an implicit extension of the term granted for filing it. He cites *Medina* v. *Géigel*, 44 P.R.R. 529, to the effect that an extension of time has not to be expressly ordered.

The complaint should have been sworn to, we think, before the Municipal Court of Aguadilla, but we need not stress the point.

But by the express provision of the law it had to be filed with the Municipal Court of Aguadilla before 15 days had elapsed.

The justice of the peace court is a separate entity. It is not a branch or division of the municipal court. Filing with the justice of the peace court does not comply with the law.

The notation of the complaint in the Justice of the Peace Court of Aguada was not a filing, within the meaning of

the act. It was filed in a court without jurisdiction. A complaint can not be filed twice in different courts, especially when one of them has no jurisdiction to try the case.

 We cannot see how judicial notice, a matter of evidence, can play any role in this case.

The judgment should be affirmed.

Mr. Justice Travieso took no part in the decision of this case.